IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-17-04242-PHX-SPL |
| Plaintiff, | **ORDER** |
| vs. | |
| Danielle M. Baudhuin, | |
| Defendant. | |

Before the Court is the Government's Motion for Summary Judgment (the "Motion"). (Doc. 16) For the reasons set forth below, the Motion is granted.

## I. Background[1]

In October 2002, Danielle Baudhuin (the "Defendant") executed a promissory note to obtain a Direct Consolidation loan (the "Student Loan") from the Department of Education. (Doc. 17 at 1) On December 23, 2002, the Student Loan was disbursed in two sums, $12,671.84 and $11,952.56, for a total amount of $24,624.40. (Doc. 17 at 1) The interest rate for the Student Loan was 5.0% interest per annum. (Doc. 1-1) The Defendant defaulted on the Student Loan in September 2007. (Doc. 17 at 1) At the time the Defendant defaulted on the Student Loan, approximately $3,661.53 in unpaid interest was capitalized

---

[1] Unless otherwise noted, the facts that follow are undisputed. The Court notes that the Defendant failed to file a controverting statement of facts with her response to the Motion as required by the local Rules of Practice of the U.S. District Court for the District of Arizona 56.1(b). Therefore, the Defendant fails to dispute the facts set forth in Plaintiff's Statement of Facts (Doc. 17), and the facts set forth in Plaintiff's Statement of Facts are deemed admitted for purposes of the Motion.

and added to the principal balance. (Doc. 1-1)

On November 17, 2017, the Government initiated this lawsuit seeking judgment for $42,984.83, the balance due under the Student Loan. The remaining balance is comprised of approximately $28,270.86 in principal under the Student Loan and approximately $14,713.97 in additional accrued interest.[2] (Doc. 1-1) In defense of this lawsuit, the Defendant alleges that she lacks sufficient knowledge to know the accuracy of the claim against her. (Doc. 15)

On November 15, 2018, the Government filed the Motion seeking summary judgment on its claims against the Defendant. (Doc. 16) The Government filed a certificate of indebtedness executed by Brad Yoder, a Loan Analyst of the Litigation Support Unit of the U.S. Department of Education, alongside the Motion. (Doc. 17-1)

## II. Standard of Review

A court shall grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Material facts are those facts "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party moving for summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record, together with affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the movant is able to do such, the burden then shifts to the non-movant who, "must do more than simply show that there is some metaphysical doubt as to the material facts," and instead must "come forward with 'specific facts showing that there

---

[2] The Government notes that the remaining balance under the Student Loan accounts for approximately $411.06 in payments and Treasury Department offsets, as applicable.

is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

**III. Analysis**

The Government is entitled to the unpaid principal and accrued interest on federally insured student loans in default. 20 U.S.C. § 1080(a). The Government may establish a prima facie case of student loan default by proving: (1) the defendant signed a promissory note for a student loan; (2) the Government owns the promissory note signed by the defendant; and (3) the promissory note has not been repaid or discharged. *United States v. Macy*, 2012 WL 86820, at 1 (D. Ariz. Jan. 11, 2012); *United States v. Falcon*, 805 F.3d 873, 876 (9th Cir. 2015) (stating that the Government establishes a prima facie case by presenting a certificate of indebtedness, signed under the penalty of perjury, showing a debtor executed promissory notes to obtain student loans, defaulted on the loans, and owes the Government a particular amount on the loans).

The Government may introduce evidence of the promissory note and a sworn transcript of the account or certificate of indebtedness in order to prove its case. *Macy*, 2012 WL 86820, at 1 (*citing United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009)). Once a prima facie case is established, the defendant has the burden of proving the nonexistence, extinguishment or variance in payment of the obligation. *Id*. Absent any genuine disputes of material fact, such evidence warrants granting the Government summary judgment in an action to collect on student debt. *United States v. Gazanferi*, 2016 WL 4491864, at 4 (C.D. Cal. Aug. 25, 2016).

The Court finds that the Government made a prima facie showing that the Defendant defaulted on the Student Loan. First, the Court notes that there is no genuine dispute as to the material facts of this case, as the Defendant does not dispute (i) executing the promissory note for the Student Loan; (ii) the Government's ownership of the Student Loan; or (iii) that the Student Loan has not been repaid or discharged. (Doc. 23 at 2, stating "My recollection of the consolidation is reasonably similar.").[3] At most, the Defendant

argues that she cannot confirm the Government's characterization of the amount due under the Student Loan. However, the Court finds that the certificate of indebtedness filed as **Exhibit 1** to the Plaintiff's Statement of Facts (Doc. 17-1), signed under penalty of perjury by Loan Analyst Brad Yoder, and the promissory note filed as **Exhibit 2** to the Plaintiff's Statement of Facts (Doc. 17-2) provides sufficient evidence of the balance due under the Student Loan. Separately, the Defendant has not provided the Court with any evidence demonstrating that the certificate of indebtedness provided by the Government is incorrect or untrustworthy. Therefore, the Court must grant the Motion in favor of the Government. Accordingly,

**IT IS ORDERED**:

1. That Plaintiff's Motion for Summary Judgment (Doc. 16) is **granted**;

2. That judgment is entered in favor of Plaintiff United States of America against Defendant Danielle M. Baudhuin in the amount of $42,984.83 plus any additional interest that has accrued from April 27, 2017 at the rate of 5.0% per annum, plus interest from the date of this Order as provided by law;

3. That the Government may submit its request for costs within **14 days** of the entry of this Order; and

4. That the Clerk of Court shall **terminate** this action and enter judgment accordingly.

Dated this 17th day of April, 2019.

Honorable Steven P. Logan
United States District Judge